IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-350-BR

| | |
|---|---|
| THEODORE JUSTICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| ) | |
| GRANVILLE COUNTY ) | |
| BOARD OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has filed an application to proceed *in forma pauperis*, and has demonstrated appropriate evidence of inability to pay the required court costs. However, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint is not a model of clarity. However, he appears to allege several claims pursuant to the Individuals with Disabilities Education Act ("IDEA"). Part

of the IDEA's purpose is to ensure that all children with disabilities have available to them a free appropriate public education ("FAPE") that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living. 20 U.S.C. § 1400(d)(1)(A). "The IDEA requires all states receiving federal education funds to provide disabled school-children with a [FAPE]." M.S. ex rel. Simchick v. Fairfax County Sch. Bd., 553 F.3d 315, 318 (4th Cir. 2009) (citing 20 U.S.C. § 1412(a)(1)(a) (internal quotation marks omitted)). The state's policies must include an Individualized Education Program ("IEP"), a "written statement for each child with a disability" that describes, among other things, "the special education and related services and supplementary aids and services ... to be provided to the child." 20 U.S.C. § 1414(d)(1)(IV). "IEPs are the primary vehicle through which schools provide a particular student with a FAPE." M.S., 553 F.3d at 319.

"Parents may participate in the IEP development process and may challenge IEPs they believe are inadequate." *Id.* (citing 20 U.S.C. § 1415(b)-(h)). The IDEA provides certain "procedural safeguards with respect to the [state agency's] provision of a [FAPE]." 20 U.S.C. § 1415(a). These procedures permit any party "to present a complaint with respect to any matter relating to ... the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A). The party that brings the complaint "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). If the hearing "is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." 20 U.S.C. § 1415(g)(1).

In North Carolina, "[a]ny party may file with the Office of Administrative Hearings

a petition to request an impartial hearing with respect to any matter relating to the ... provision of a [FAPE] of a child." N.C. Gen.Stat. § 115C-109.6(a). Additionally, "[a]ny party aggrieved by the findings and decision of a hearing officer [from the Office of Administrative Hearings] may appeal ... within 30 days after receipt of notice of decision by filing a written notice of appeal with the person designated by the State Board [of Education]." N.C. Gen.Stat. §§ 115C-109.9(a), 115C-107.2. The State Board of Education then appoints a Review Officer to conduct an impartial review of the decision. *Id.*

Both state and federal law permit a party dissatisfied with the State Review Officer's ("SRO") decision to bring a civil action in either state or federal court. *See* N.C. Gen.Stat. § 115C-109.9(d) ("Any party that does not have the right to appeal ... who is aggrieved by the decision of the Review Officer ... may institute a civil action in State court within 30 days after receipt of the notice of the decision or in federal court as provided in 20 U.S.C. § 1415."); 20 U.S.C. § 1415(i)(2)(A) (providing that parties dissatisfied with a hearing decision and appeal have "the right to bring a civil action with respect to the complaint presented ... in any State court of competent jurisdiction or in a district court of the United States"). Additionally, with respect to actions brought under the federal statute, the IDEA provides that "[t]he district courts of the United States shall have jurisdiction ... without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A).

Plaintiff essentially argues in his complaint that Defendant's IEP is inadequate. However, Plaintiff's complaint contains no allegation that he has received an unfavorable SRO decision. Although Plaintiff mentions an "Educational Due Process Hearing", he concludes by noting that "[n]o decision has been made as of today" (DE 1-1, pg. 2). The district court's jurisdiction under the IDEA is limited to review of the final "findings and decision" of the administrative proceedings. 20 U.S.C.A. § 1415(i)(2)(A). *See also*, <u>M.E. ex rel. C.E. v. Buncome County Board of Education</u>. 72 Fed. Appx. 940, 941 (4th Cir.

2003)(unpublished decision). Thus, where administrative remedies have not been exhausted, parties cannot maintain an action in federal court under § 1415(i)(2). *See* <u>MM v. Sch. Dist. of Greenville County</u>, 303 F.3d 523, 536 (4th Cir. 2002) (explaining that failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction over the parent's claims); <u>Scruggs v. Campbell</u>, 630 F.2d 237, 239 (4th Cir.1980) (holding that the "federal action was premature because the [parents] had not exhausted their administrative remedies"). Therefore, Plaintiff's attempt to file a civil action in this Court is premature.

For the aforementioned reasons, the undersigned RECOMMENDS that Plaintiff's motion to proceed *in forma pauperis* be GRANTED, but that his Complaint be dismissed for failure to state a claim.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 02, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE